# United States Bankruptcy Court
## Northern District of Florida - Gainesville Division

In re    **Verrice Antionette Hayes**                              Case No.

                                        Debtor(s)        Chapter    **13**

## <u>CHAPTER 13 PLAN</u>

1.  **Payments to the Trustee**: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$695.00 per month for 60 months**. The Debtor shall pay to the Trustee the tax refunds for _____ years.

    Total of base plan payments:    **$41,700.00**

2.  **Plan Length**: The term of the plan is for   **60**   months.

3.  Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a.  Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

    b.  Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

    c.  All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4.  From the payments received under the plan, the trustee shall make disbursements as follows:

    a.  **<u>Administrative Expenses/Priority Claims</u>**

    (1)  Trustee's Fee: As determined by the Attorney General of the United states.

    (2)  Filing Fee (unpaid portion)_____ **0.00**

    (3)  Priority Claims under 11 U.S.C. §507 - Domestic Support Obligations

    (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    (b) The name(s) of the holder of any domestic support obligation are as follows  (11 U.S.C. §§ 101(14A) and 1302(b)(6)):

       **-NONE-**

    (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).

    | **Creditor (Name)** | **Estimated Arrearage Claim** |
    |---|---|
    | **-NONE-** | |

    (d) Pursuant to 11 U.S.C. §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

    **Claimant and proposed treatment**:    **-NONE-**

(4) Attorney's Fee (unpaid portion): _____**$3,210.00 to be paid through plan in monthly payments of $321.00 for 10 months.** _____

Pursuant to Standing Order of this Court, the Debtor's attorney may seek additional fees for the applicable amount as stated in the Order upon the filing of the required annual statement each year. If the Plan is modified due to an increase in income shown on the annual statement, the Debtor's attorney may seek additional fees for the applicable amount as stated in the Order. In either of these events, no further notice will be given to creditors.

(5) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|------|-----------------|------------------------------|
| -NONE- | | |

**b. Secured Claims**

(1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under 11 U.S.C. §506. Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Name | Proposed Total Amount of Allowed Secured Claim | Interest Rate (If specified) |
|------|-----------------------------------------------|------------------------------|
| BADCOCK | 1,100.00 | 6.00% |
| Capital One Auto Finance | 4,703.00 | 6.00% |
| Capitol One Retail Svcs | 3,100.38 | 6.00% |
| Carmax Auto Finance | 12,500.00 | 6.00% |

(b) Secured Claims Not Subject to Valuation Under 11 U.S.C. §506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Name | Amount of Secured Claim | Interest Rate (If specified) |
|------|-------------------------|------------------------------|
| -NONE- | | |

(2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|------|-----------------|-----------------|------------------------------|
| -NONE- | | | |

**c. Unsecured Claims**

General Nonpriority Unsecured: Unsecured debts shall be paid approximately __**73**__ cents on the dollar and paid pro rata.

5.   The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|----------|-------------------------------|------------------------------|
| -NONE- | | |

6.   The Debtor shall make regular payments directly to the following creditors:

| Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|------|-----------------|-----------------|------------------------------|
| -NONE- | | | |

7.   The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|-------------|----------------------------------|
| -NONE- | |

8.   Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim:

| Name | Amount of Claim | Description of Property |
|------|-----------------|------------------------|

ver. 12/01/2008 amended

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

|            Name | Amount of Claim | Description of Property |
|-----------------|-----------------|-------------------------|
| -NONE-          |                 |                         |

9.  Title to the Debtor's property shall revest in Debtor on confirmation of a plan unless otherwise provided in paragraph 11.

10. As used herein, the term "Debtor" shall include both debtors in a joint case.

11. Non-Standard Provisions (all non-standard provisions must be inserted in this paragraph).

12. Other Provisions:

     Unsecured claims shall be paid interest to the extent available, if any, not to exceed 6%.

     The provisions of paragraph 3 are not intended to modify the rights of the holders of any mortgages on any real property owned by Debtor.  The terms of all notes and mortgages on Debtor's real property shall remain in full force and effect.

     **PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES.**

     Pursuant to 11 U.S.C. §521(f)(4)(B) and Standing Order of this Court, the required annual statement as described shall be filed.

Date  **April  7, 2016**

Signature  **/s/ Verrice Antionette Hayes**
           **Verrice Antionette Hayes**
           Debtor

ver. 12/01/2008 amended

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy